**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 07-869-PHX-FJM |
|         Plaintiff, ) | **ORDER** |
| vs. ) | |
| Charles Duckey, Sr., ) | |
|         Defendant. ) | |
| ) | |

The court has before it the Colorado River Indian Tribe's motion to quash subpoena (doc. 58), defendant's response (doc. 65), and the Tribe's reply (doc. 84). We also have the juvenile victim's motion to quash subpoena (doc. 63), defendant's response (docs. 71), and the juvenile victim's reply (doc. 81).

Defendant served a subpoena on the custodian of records for the Colorado River Indian Tribe Behavioral Health demanding the disclosure of all records regarding services provided to the juvenile victim. Defendant asserts that he has a right under the Confrontation Clause and the Due Process Clause to access these documents.

In Jaffee v. Redmond, 518 U.S. 1, 10, 116 S. Ct. 1923, 1928 (1996), the United States Supreme Court recognized a federal psychotherapist-patient privilege "rooted in the imperative need for confidence and trust." The Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." Id. at 15, 116 S. Ct. at 1931. Under the circumstances presented in the case before us, we conclude that denying access to the

confidential and privileged counseling records that are not in the possession of the government, implicates neither the Confrontation Clause nor the Due Process Clause.

In Pennsylvania v. Ritchie, 480 U.S. 39, 107 S. Ct. 989 (1987), the Court made clear that there is no Confrontation Clause violation in denying a defendant access to counseling records. The right to confrontation only protects a defendant's *trial* rights. Id. at 52, 107 S. Ct. at 999. It does not include "the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Id. at 53, 107 S. Ct. at 999.

However, citing Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), the Ritchie Court recognized a defendant's due process interest in obtaining material exculpatory evidence. It held that an *in camera* review of a government protective services agency's investigatory record was necessary to determine whether it contains Brady material. Ritchie, 480 U.S. at 58, 107 S. Ct. at 1002.

Here, the juvenile victim's counseling record is neither an investigatory file, nor in the government's possession, custody, or control. Under these circumstances, the treatment record is not subject to compelled disclosure, and we are not obligated to conduct an *in camera* inspection. Accord United States v. Hach, 162 F.3d 937, 947 (7th Cir. 1998) (noting that the failure to show the records sought are in the government's possession is fatal to a Ritchie claim); United States v. Skorniak, 59 F.3d 750, 755 (8th Cir. 1995) (same).

Accordingly, **IT IS ORDERED GRANTING** Tribe's motion to quash subpoena (doc. 58), and **GRANTING** juvenile victim's motion to quash subpoena (doc. 63). **IT IS FURTHER ORDERED DENYING** motions to seal because none of the documents contain confidential or privileged information (docs. 64, 70, 86).

DATED this 3rd day of March, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge